UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-11446-SPG-DFM | Date: | May 15, 2026 |
|---|---|---|---|
| Title | Isidro J. Armenta v. Jose M. Carias, et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:  (IN CHAMBERS) Order to Show Cause**

On March 6, 2026, this Court issued an order granting in part Defendants' Motion to Quash Service as to Defendants Moore and Verschueren. See Dkt. 34. The Court directed Plaintiff to properly serve Defendants Moore and Verschueren and file proofs of service within thirty (30) days, i.e. by April 5, 2026. See id. The Court warned Plaintiff that failure to do so would result in a recommendation of dismissal under Rule 4(m) and/or for failure to prosecute and/or for failure to follow court orders. See id.

On or about April 3, 2026, Plaintiff filed a "Status Update," indicating that he "is unable to submit proofs of service as Ordered" but "has made concerted good-faith attempts, and at great personal expense, to serve parties in this action." See Dkt. 35.

In his Status Update, Plaintiff describes his efforts to serve Defendants Moore and Verschueren. See id. As this Court has previously noted, Federal Rule of Civil Procedure 4(e) provides multiple methods of service for individuals, including by following state law in the state where the district court is located or where service is made. See Fed. R. Civ. P. 4(e)(1). Under California law, a defendant may be served by personal delivery or, after a showing of "reasonable diligence" to attempt personal service, by substitute service. See Cal. Civ. Proc. Code §§ 415.10, 415.20.

The record indicates that Plaintiff made some effort to personally serve Defendants Moore and Verschueren in early 2026. See Dkts. 32-33. At this stage, this Court does not opine on the sufficiency of Plaintiff's efforts. The record further indicates that on March 14, 2026, Defendant Verschueren accepted a delivery from USPS via certified mail with an electronic return receipt. See Dkt. 35 at 5. However, the record does not indicate what was in said delivery. Under Federal Rule of Civil Procedure 4(l), proof of service must be made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

to the Court and must include sufficient detail to establish that proper service has been effected, including the documents served.

Plaintiff is ORDERED to show cause, in writing, **no later than twenty-one (21) days from the date of this order**, as to why Defendants Moore and Verschueren should not be dismissed from this action. Alternatively, it will be a sufficient response to this OSC to file on or before that date one of the following:

- Proofs of proper service of the summons and complaint on Defendants Moore and Verschueren;

- Answers or other filings by Defendants Moore and Verschueren; or

- A Notice of Dismissal signed by all parties who have appeared pursuant to Federal Rule of Civil Procedure 41(a), dismissing Defendants Moore and Verschueren.

Plaintiff is again warned that failure to respond to this Order may result in a recommendation of dismissal under Rule 4(m) and/or for failure to prosecute and/or for failure to follow court orders.